# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Tammy Cruz, | 2:17-cv-00545-JAD-NJK |
| Plaintiff | **Order Denying Plaintiff's Motion to Remand** |
| v. | |
| Wal-Mart Stores, Inc., a Foreign Corporation; Yet Unknown Employee, an Individual; Does I through X, inclusive, | [ECF No. 12] |
| Defendants | |

Plaintiff Tammy Cruz sues defendants Wal-Mart Stores, Inc. and an unknown Wal-Mart employee for personal injuries she allegedly sustained from a slip-and-fall accident that occurred at a Las Vegas Wal-Mart store.[1] Wal-Mart removed this case from a Nevada state court based on diversity jurisdiction.[2] Cruz now moves to remand this case back to state court, arguing that the case value does not meet the amount-in-controversy requirement.[3] I find that Wal-Mart has satisfied its burden of proving that the $75,000 amount-in-controversy threshold is met, and I deny Cruz's motion.

## Background

Cruz alleges that she sustained personal injuries to her head, neck, back, arms, and legs after she slipped on a liquid substance on the floor of a shopping aisle at Wal-Mart.[4] Her complaint does not specify the exact amount of damages sought, but for both her first and second

---

[1] ECF No. 1 at 11–12.

[2] *Id.* at 2.

[3] ECF No. 12.

[4] ECF No. 1 at 2, 12–13.

claim for relief, she prays for general and special damages, each in excess of $15,000.[5] Cruz requested exemption from the state court-annexed mandatory arbitration program for cases valued at less than $50,000 by arguing that "it is readily apparent that [her] personal injury claim has jury verdict potential well in excess of $50,000,"[6] and by providing a medical table with past and future expenses totaling $107,606.53.[7] Wal-Mart removed,[8] and Cruz filed this motion to remand, dropping $85,248 in future medical expenses from her damages table and claiming that Wal-Mart "failed to meet the jurisdictional requirements that [her] claim exceeds $75,000."[9]

## Discussion

"Federal courts are courts of limited jurisdiction,"[10] so there is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[11] A defendant may remove any action brought in state court over which the federal district courts have original jurisdiction, but the defendant always has the burden of establishing that removal is proper.[12] Removal of a case from state court is proper in "diversity" cases in which (1) there is diversity of citizenship between the plaintiff and each defendant and (2) the amount is controversy exceeds $75,000.[13] In cases that are not removable based on the initial pleadings, defendants have the opportunity to remove the case within 30 days after receiving "an amended pleading, motion, order or other paper from which it

---

[5] *Id.* at 15.

[6] *Id.* at 29.

[7] *Id.* at 29, 39.

[8] *Id.* at 5.

[9] ECF No. 12 at 4.

[10] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[11] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[12] *Id.*

[13] 28 U.S.C § 1332(a)(1).

can be ascertained from the face of the document that removal is proper."[14] If the state-court complaint "does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence," that the amount in controversy exceeds $75,000.[15] The removing defendant, however, is not required "to predict the trier of fact's eventual award with certainty."[16]

The parties do not dispute that the diversity-of-citizenship requirement is met; they only disagree over whether the amount-in-controversy exceeds $75,000.[17] In support of its petition for removal, Wal-Mart provides Cruz's medical-expenses table found in her request for exemption from arbitration, in which Cruz claims that her past and future expenses total $107,606.53.[18] In support of her remand motion, Cruz submits a new medical table totaling $22,358.53 in past and future expenses, an amount that she arrives at by omitting (without explanation) the last $85,248 line item for "Future Treatment Expenses per Dr. Sharma" from her earlier table.[19] Cruz also submits the $59,999 offer of judgment she served on Wal-Mart before Wal-Mart filed for removal as evidence that the amount in controversy is less than $75,000.[20]

Wal-Mart has shown that removal was proper based on Cruz's valuation of her medical expenses alone at $107,606.53.[21] Cruz's apparent abandonment of her claim for more than $85,000 in future medical expenses does not impact this analysis. "Events occurring after the filing of the complaint [including stipulations, affidavits, and amendments to pleadings] that

---

[14] *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); 28 U.S.C. § 1446(b).

[15] *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

[16] *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

[17] ECF No. 12.

[18] ECF No. 1 at 39.

[19] ECF No. 12 at 8.

[20] *Id.* at 10.

[21] ECF No. 1 at 39.

reduce the amount recoverable below the requisite amount do not oust the court from jurisdiction."[22] And although an offer of judgment can be "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim,"[23] Cruz has not shown how her $59,999 offer of judgment could be a reasonable estimate of her claim when, one day earlier, she represented to the state court that her "past and future medical expenses total $107,606.53."[24]

Accordingly, I find that Wal-Mart has satisfied its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000 threshold necessary to vest this court with jurisdiction over this matter.

## Conclusion

Accordingly, it is HEREBY ORDERED that **Cruz's motion to remand to state court [ECF No. 12] is DENIED.**

DATED: August 4, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[22] *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)).

[23] *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

[24] ECF No. 1 at 29.

4